**Joseph Nathaniel LEWIS, Jr., et al.**

v.

**R. M. OLIVER, etc., et al.**

**Civ. A. No.·74–0197–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 4, 1975.

John N. Lewis, Jr., pro se.

James W. Hopper, Asst. Atty. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Joseph Nathaniel Lewis, Jr., and Lewis Edward Matthews, Virginia prisoners, filed an amended complaint May 14, 1974, in which they complained of (1) defendants' establishment of an inmate "monitor" force at the State Penitentiary; and (2) the administration of the State Penitentiary furlough program. Plaintiffs seek monetary relief and a transfer to another institution. Defendants are Virginia correctional officials. This action arises under 42 U.S.C. § 1983 and jurisdiction is conferred by 28 U.S.C. § 1343. This matter comes before the Court on defendants' motion for summary judgment accompanied by affidavits and prison records.

■ Plaintiffs allege various nefarious activities on the part of the leaders of the inmate "monitor" force: that they deal in drugs, rape other inmates, control an inmate prostitution ring, are allowed to read other inmates' mail, and commit "most of the crimes that have been committed in the penitentiary." Defendant Paderick, the Superintendent of the State Penitentiary, states in an affidavit that the "monitor" force was organized in June, 1973, to advise and assist correctional officers in the maintenance of penitentiary security and was subsequently disbanded in October, 1973, when additional guards were hired. Since the "monitor" force was disbanded in October, 1973, and since plaintiffs have failed to allege specific compensable injury as a result of the alleged deprivations of the "monitor" force, there was no case or controversy between the parties on the "monitor" issue at the time that this action was filed and the "monitor" claim shall therefore be dismissed.

Plaintiffs level two charges at the administration of the State Penitentiary furlough program. They first allege that defendants have permitted some inmates who are assertedly poor security risks to participate in the furlough program. Defendant Paderick admits by affidavit that the furlough program was relaxed somewhat during the summer of 1973 in order to enable more inmates to participate in the program, but states that furlough eligibility requirements were tightened again in October, 1973.

■ The Court, however, has held that state correctional officials must be accorded great latitude in administering experimental rehabilitative programs, such as the furlough program, and that, absent allegations that furlough programs are administered arbitrarily or deny equal protection, the Court will not second guess the judgments of prison authorities in determining eligibility for furloughs. *Moore v. Howard,* Civil Action No. 73–373–R, *Mem. decis.,* (E.D.Va., July 25, 1973); *Guthrie v. Oliver,* Civil Action No. 73–434–R, *Mem. decis.* at 2–3 (E.D. Va., 1974). Even assuming arguendo that plaintiffs have standing to attack the administration of the State Penitentiary furlough program and that their claim was not mooted by the institution of more restrictive eligibility requirements in October, 1973, plaintiffs have failed to allege sufficient arbitrariness in the administration of the furlough program to state a claim of constitutional dimension. Prison officials do not violate the Constitution when they attempt to "fine-tune" an experimental program in order to strike the balance of interests which will best promote rehabilitation of inmates while, at the same time, protecting society. *Guthrie v. Oliver, supra,* at 2.

■ Plaintiffs next allege in a conclusory and unsubstantiated fashion that furloughs have been sold by certain unnamed persons to other unnamed inmates. While the Court has no doubt that the widespread sale of furloughs within a penal institution would offend constitutional values, *cf. Landman v. Royster,* 333 F.Supp. 621, 646–47 (E.D. Va.1971), defendants vigorously deny this allegation and plaintiffs, although given the opportunity to do so, have not submitted affidavits substantiating their allegations with names, dates and places. The Court therefore concludes that plaintiffs' sale of furloughs claim is completely unfounded and it shall enter summary judgment for defendants. Rule 56(e), Fed.R.Civ.P.

An appropriate order shall enter.